# UNITED STATES DISTRICT COURT

for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

4/21/20

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

| | |
|---|---|
| In the Matter of the Use of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>a Cell-Site Simulator Concerning (937)732-2879 | Case No. 3:20-mj-196<br>Michael J. Newman |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the     Southern     District of     Ohio    , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC s. 841(a)(1) | possession with intent to distribute/distribution of controlled substances |
| 21 USC s. 846 | conspiracy to possess with intent to distribute/distribute controlled substances |

The application is based on these facts:
See Attached affidavit of Steven M. Lucas

☑ Continued on the attached sheet.
☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days: _____ )* is requested under
18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I, Brent Tabacchi, certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the DEA. See 18 U.S.C. §§ 3122(b), 3123(b).

*Steven Lucas*
Applicant's signature

Steven M. Lucas, SA of the DEA
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
FaceTime/Video appearance     *(specify reliable electronic means).*

Date: 5:12 PM, Apr 21, 2020    **Via electronic means.**

*Michael Newman*
Michael J. Newman
United States Magistrate Judge
*signature*

City and state: Dayton, Ohio     Michael J. Newman, US Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Steven M. Lucas being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number:

   a. (937)732-2879, registered to Mike Jones with an address of 123 Anna Street, Dayton, Ohio 45417 (hereinafter "**Target Telephone**"), which is described more fully in Attachment A.

2. Affiant is a Special Agent (SA) for the United States Drug Enforcement Administration (DEA) within the meaning of Title 21, United States Code, Section 878. That is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code, Section 878. The information contained in this Affidavit is either personally known by Affiant or relayed to Affiant by other law enforcement officers involved in this investigation. Affiant has been employed as a Special Agent since June 2005 with the Drug Enforcement Administration. Affiant has been employed in this capacity and worked at the Drug Enforcement Administration office in Dayton, Ohio since December 2005. Since the time of December 2005, Affiant has been involved in narcotics-related arrests, executed search warrants that resulted in the seizure of narcotics, participated in undercover narcotics purchases, and supervised the activities of informants who have provided information and assistance in drug trafficking investigations of an international

scope. Through training and experience, Affiant is familiar with the manner in which persons involved in the illicit distribution of controlled substances often operate. These people usually attempt to conceal their identities, as well as the locations at which they reside, and where they store controlled substances and the illegal proceeds derived.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision the **Target Telephone's** location and the places to which it travels. However, there is reason to believe the **Target Telephone** is currently located somewhere within this district based on activities described below. Pursuant to Rule 41(b)(2), law enforcement may locate the **Target Telephone** outside the district provided the device is within the district when the warrant is issued.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21 U.S.C. §§ 841 and 846 have been committed, are being committed, and will be committed by the user of the Target Telephone. There is also probable cause to believe that the location of the Target Telephone will constitute evidence of those criminal violations, including leading to the identification of individuals who are engaged in the commission of these offenses and identifying locations where the target engages in criminal activity.

6. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18

U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## FACTS ESTABLISHING PROBABLE CAUSE

7. Affiant is aware of subject identified as Calvin TRIBBLE II has been receiving shipments of drugs from Hispanic based sources in Dayton, Ohio, since at least summer 2019. TRIBBLE is using the **Target Telephone** to arrangement meetings for illicit transactions as detailed below.

8. During summer/fall 2019, the Dayton RO was conducting a court authorized interception of a cellular telephone used by Savon POPE a local fentanyl trafficker. POPE and others were indicted after numerous fentanyl and methamphetamine seizures during the interception of POPE'S cell phone. During the interception of POPE a phone used by TRIBBLE was intercepted with suspected drug conversations. Further, in one call that occurred with POPE on September 8, 2019, labeled session 204, TRIBBLE indicated his source was messing around and all he had was "bitch" for sale, a common term for cocaine.

9. In January 2020, Affiant was present for multiple meetings with a cooperating defendant who gave information that was corroborated by other means. The cooperating defendant ("CD") gave information about TRIBBLE and others. The CD listened to intercepted call 204 mentioned above, that occurred on September 8,2019 over POPE'S intercepted phone, and identified the subject talking to POPE as TRIBBLE. Further, the CD stated TRIBBLE has a Hispanic source for drugs and was selling kilogram quantities of fentanyl, methamphetamine, and cocaine. It is worth noting investigators also were able to see TRIBBLE in connection with the phone during surveillance in September 2019.

10. On April 18, 2020, Affiant was contacted by another DEA office which was conducting an investigation into laundering of drug proceeds by drug traffickers based outside of the United States. Affiant learned that a drug trafficker in Dayton, Ohio had secured a contract for pick up and delivery of suspected drug proceeds to this drug organization. Based on the other investigation, the Dayton RO was able to utilize a DEA SA, acting in an undercover capacity ("UC"), to contact the Dayton based drug trafficker (later identified as being TRIBBLE) and arranged the pick up of the suspected drug proceeds.

11. On April 20, 2020, the UC contacted the **Target Telephone,** determined to be used by TRIBBLE, and arranged to meet with TRIBBLE. During the recorded conversations between TRIBBLE and the UC, TRIBBLE stated he was in a blue truck and would be meeting the UC.

12. On the same day, the meeting took place between the UC and TRIBBLE in Huber Heights, Ohio. LITTLE delivered approximately $200,000 in US currency that was in a plastic bags and was in all 20 dollar denominations. TRIBBLE had multiple recorded conversations using **Target Telephone** during the pickup operation. TRIBBLE also arrived at the meeting in a truck that was registered to him.

13. Based on the **Target Telephone** being placed in a false name and the fact he dropped off $200,000 in US currency, I believe TRIBBLE is using the **Target Telephone** for drug trafficking purposes. Specifically, based on my training and experience, I know drug traffickers frequently deliver bulk amounts of US Currency as payment for prior drug purchases. Given the delivery of that much currency in a covert fashion to the UC, I conclude TRIBBLE is not only trafficking narcotics but using the Target Telephone to do so.

14. Based on the aforementioned information, I believe the **Target Telephone** is

being utilized to facilitate drug trafficking in violation of Title 21, U.S.C Sections 846 and 841 (a)(1). The location of the **Target Telephone** would aid in the identification of residences and locations at which TRIBBLE may store or wharehouse drugs or the proceeds thereof. Based on my training and experience, I know that individuals involved in the drug trade frequently utilize fictitious subscriber information in an effort to thwart law enforcement detection.

15. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

16. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the **Target Telephone** or receiving signals from nearby cellular devices, including the **Target Telephone**. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to **Target Telephone** and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the **Target Telephone** and use that information to determine the **Target Telephone** location, even if it is located inside a house, apartment, or other building.

17. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the **Target Telephone**, the device may briefly exchange signals with all

phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the **Target Telephone**, and law enforcement will limit collection of information from devices other than the **Target Telephone**. To the extent that any information from a cellular device other than the **Target Telephone** is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the **Target Telephone** from all other cellular devices.

## AUTHORIZATION REQUEST

18. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

19. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Target Telephone** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

20. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Telephone** outside of daytime hours.

21. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

22. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

*Steven Lucas*

Steven M Lucas, Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on 21st of April 2020.

*Michael Newman*

HONORABLE MICHAEL J. NEWMAN
Michael J. Newman
United States Magistrate Judge
UNITED STATES MAGISTRATE JUDGE

5:13 PM, Apr 21, 2020

Via electronic means.

7

## ATTACHMENT A

### Property to Be Searched

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location and owner of the cellular device assigned phone number (937)732-2879, whose wireless provider is AT&T, and whose listed subscriber is Mike Jones.

## **ATTACHMENT B**

Pursuant to an investigation of CALVIN TRIBBLE and known and unknown associates for a violation of Title 21 U.S.C. §§ 841 and 846, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and
2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).